UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

JIAQIANG XU,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPERSEDING INDICTMENT**

S1 16 Cr. 10 (KMK)

## COUNT ONE

(Economic Espionage)

The Grand Jury charges:

1.    From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, intending and knowing that the offense would benefit a foreign government, instrumentality, and agent, namely the People's Republic of China ("PRC"), knowingly did steal, and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice and deception obtain a trade secret, and attempted to do so, and aided and abetted the same, to wit, XU stole and converted to his own use the source code for a piece of proprietary software, which source code was a trade secret of a company for which XU previously worked (the "Proprietary Source Code"), with the intent to benefit the PRC's National Health and Family Planning Commission (the "NHFPC").

(Title 18, United States Code, Sections 1831(a)(1), (4) & 2.)

## COUNT TWO

(Economic Espionage)

The Grand Jury further charges:

2. From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, intending and knowing that the offense would benefit a foreign government, instrumentality, and agent, namely the PRC, knowingly and without authorization did copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, and convey a trade secret, and attempted to do so, and aided and abetted the same, to wit, XU copied the Proprietary Source Code, with the intent to benefit the NHFPC.

(Title 18, United States Code, Sections 1831(a)(2), (4) & 2.)

## COUNT THREE

(Economic Espionage)

The Grand Jury further charges:

3. From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, intending and knowing that the offense would benefit a foreign government, instrumentality, and agent, namely the PRC, knowingly did receive, buy, and possess a trade secret, knowing the same to have been stolen or appropriated, obtained, and converted without authorization, and attempted to do so, and aided and abetted the same, to wit, XU received and possessed the Proprietary Source Code, with the intent to benefit the NHFPC.

(Title 18, United States Code, Sections 1831(a)(3), (4) & 2.)

## COUNT FOUR

(Theft of Trade Secrets)

The Grand Jury further charges:

4. From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, with intent to convert a trade secret that is related to a product and service used in and intended for use in interstate and foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending and knowing that the offense would injure the owner of that trade secret, knowingly did steal, and without authorization appropriate, take, carry away, and conceal, and by fraud, artifice and deception obtain such information, and attempted to do so, and aided and abetted the same, to wit, XU stole and converted to his own use the Proprietary Source Code.

(Title 18, United States Code, Sections 1832(a)(1), (a)(4) & 2.)

## COUNT FIVE

(Distribution of Trade Secrets)

The Grand Jury further charges:

5. From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, with intent to convert a trade secret that is related to a product and service used in and intended for use in interstate and foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending and knowing that the offense would injure the owner of that trade secret, knowingly and without authorization did copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, and

3

convey such information, and attempted to do so, and aided and abetted the same, to wit, XU copied the Proprietary Source Code.

(Title 18, United States Code, Sections 1832(a)(2), (a)(4) & 2.)

## COUNT SIX

(Possession of Trade Secrets)

The Grand Jury further charges:

6. From at least in or about November 2014, through on or about December 7, 2015, in the Southern District of New York and elsewhere, JIAQIANG XU, the defendant, with intent to convert a trade secret that is related to a product and service used in and intended for use in interstate and foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending and knowing that the offense would injure the owner of that trade secret, knowingly did receive, buy, and possess such information and attempted to do so, and aided and abetted the same, knowing the same to have been stolen or appropriated, obtained, or converted without authorization, to wit, XU received and possessed the Proprietary Source Code.

(Title 18, United States Code, Sections 1832(a)(3), (a)(4) & 2.)

## FORFEITURE ALLEGATION

7. As a result of committing one or more of the offenses alleged in Counts One, through Six of this Indictment, JIAQIANG XU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1834 and 2323(b)(1), any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offenses alleged in Counts One through Six, or any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of those offenses.

**Substitute Assets Provision**

8. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 2323;
    Title 21, United States Code, Section 853(p).)

_/s/ Gregory Carmona_
FOREPERSON

_/s/ Preet Bharara_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

JIAQIANG XU,

Defendant.

---

### SEALED INDICTMENT

S1 16 Cr. 10 (KMK)

(18 U.S.C. §§ 1831, 1832, 2)

PREET BHARARA
United States Attorney.

A TRUE BILL

*Gregory Carmona*
Foreperson

6